LOCKE LORD BISSELL & LIDDELL LLP
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Matthew B. McClendon (SBN: 256031)
mmcclendon@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071-3119
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendant
GMAC MORTGAGE, LLC (described in the Complaint as a "Doe" defendant)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BRAVO HUERTA,<br><br>Plaintiff,<br><br>vs.<br><br>CITI MORTGAGE, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. CV 09-02001 R (PLAx)<br><br>**DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION OR REQUIRE A BOND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable Manuel L. Real<br><br>Hearing:<br>Date:    May 4, 2009<br>Time:   10:00 a.m.<br>Place:   Courtroom 8<br><br>**[Filed Concurrently with [Proposed] Order]** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 27, 2009, at 10:00 a.m., or as soon thereafter as that matter may be heard in the above-entitled Court, Defendant GMAC Mortgage, LLC ("GMACM") (described in the Complaint as a "Doe" defendant) will bring for hearing before the Honorable Manuel L. Real, United States District Judge, in Courtroom 8 of the United States Courthouse located at 312 N. Spring Street, Los Angeles, California, a Motion to Expunge the Notice of Pendency of Action recorded by Plaintiff Carlos Bravo Huerta ("Plaintiff").

GMACM moves the Court to expunge the Notice of Pendency of Action recorded on September 19, 2008 in the office of the Recorder of Orange County as Document No. 2008000441359. In order to ensure clear title to the Subject Property, GMACM must record in the office of the Recorder of Orange County an order expressly identifying the document number and date of recordation of the Notice of Pendency of Action expunged.

GMACM moves to expunge the above described Notice of Pendency of Action pursuant to California Code of Civil Procedure §§ 405.30, 405.31, and 405.32 on the grounds that (1) Plaintiff has not properly pled a real property claim and (2) Plaintiff is unable to establish by a preponderance of the evidence the probable validity of a real property claim.

In the alternative, if the Court denies the Motion to Expunge the Notice of Pendency of Action, GMACM requests entry of an order requiring Plaintiff to post a bond as a condition of maintaining the Notice of Pendency of Action. GMACM moves for an order requiring a bond pursuant to California Code of Civil Procedure § 405.34 on the grounds that the Notice of Pendency of Action has been employed for the purpose and effect of allowing Plaintiff to occupy his home during litigation without paying on his defaulted home mortgage loan. Therefore, an undertaking is required.

This Motion is based upon this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, any additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing. This Motion is made following counsel for GMACM's multiple attempts to meet and confer with Plaintiff's counsel to comply with Local Rule 7-3.[1]

Dated: April 2, 2009

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Matthew B. McClendon
    Matthew B. McClendon
    Conrad V. Sison

Attorneys for Defendant
GMAC MORTGAGE, LLC

---

[1] For details regarding counsel for GMACM's multiple attempts to contact Plaintiff's counsel in order to comply with Local Rule 7-3, see the Declaration of Matthew B. McClendon Regarding Compliance with Local Rule 7-3, filed on March 31, 2009, concurrently with GMACM's Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff filed this lawsuit to improperly impede a legitimate non-judicial mortgage foreclosure of the deed of trust on his home (the "Deed of Trust"). Plaintiff's Complaint names only Citi Mortgage as a defendant, but identifies Does 1-50 as "persons or entities that … are in some way involved in the actions complained of herein." (Compl. ¶ 4). GMACM is the servicer of Plaintiff's home loan, and is therefore described in the Complaint as a "Doe" defendant.[2]

Vexingly, Plaintiff alleges that Citi Mortgage purchased the subject property at a foreclosure sale on or about September 12, 2008, or six days before the Complaint was filed (Compl. ¶ 3). While Defendant GMAC Mortgage, LLC ("GMACM") was required to assume the truth of Plaintiff's allegations for the purposes of its Motion to Dismiss, GMACM has no such requirement regarding this Motion to Expunge. GMACM failed to locate any evidence of Plaintiff's alleged September 12th Foreclosure Sale nor any interest of Citi Mortgage in Plaintiff's property or Plaintiff's loan. After Plaintiff defaulted on his home loan (the "Note"), Plaintiff was mailed a notice of trustee's sale, and he subsequently brought this meritless lawsuit. Plaintiff's Notice of Trustee Sale (*See* GMACM's Request for Judicial Notice at Exhibit 9) states that the Trustee Sale was to take place on November 26, 2008, not on the alleged September 12, 2008. As mentioned, GMACM has moved to dismiss Plaintiff's Complaint.

As part of his effort to frustrate the foreclosure process, Plaintiff has recorded a Notice of Pendency of Action pursuant to Title 4.5 of the California Code of Civil Procedure. (*See* Exhibit 1). As a practical matter, the recordation of a Notice of Pendency of Action prevents GMACM from completing the foreclosure process by placing a cloud on title to the property that is the subject of the foreclosure.

---

[2] GMACM is also alleged to be Plaintiff's initial lender in Count Two, although the Complaint does not specifically name GMACM as a defendant. (*See* Compl. ¶ 21).

Plaintiff does not dispute that he is currently in default on his loan, or that foreclosure is a proper remedy for his default. Instead, Plaintiff apparently seeks to delay his eviction from the property by forcing GMACM to respond to a litany of baseless allegations and to prove its entitlement to conduct the foreclosure. Plaintiff's Complaint did not contend that foreclosure was inappropriate, but merely challenged GMACM's standing to seek it. Accordingly, Plaintiff's lawsuit did not seek to affect either title to or possession of the real property to which his Notice of Pendency of Action relates.

GMACM moves to expunge the Notice of Pendency of Action from Plaintiff's property or, in the alternative, require Plaintiff to post a bond to maintain the Notice of Pendency of Action during the duration of this lawsuit. Under California law, in order to maintain a notice of pendency of action, Plaintiff *must* first prove (1) that Plaintiff's Complaint contains a real property claim and (2) that Plaintiff has a probable validity of succeeding on real property claims. If Plaintiff fails to meet either of these two burdens, the Court must expunge the Notice of Pendency of Action.

In this case, Plaintiff cannot meet either of his two burdens. Plaintiff has not properly pled a real property claim, as explained in depth in GMACM's Motions to Dismiss, and no claims, even if successful, would affect the title to, or possession of, specific real property. Also, Plaintiff is completely unable to prove the probable validity of his real property claims, as his theory of liability has no basis in law or in fact. Therefore, this Court should expunge the Notice of Pendency of Action filed on September 19, 2009 in the office of the Recorder of Orange County as Document No. 2008000441359.[3]

---

[3] As mentioned above, in order to ensure clear title to the Subject Property, GMACM must record in the office of the Recorder of Orange County an order expressly identifying the document number and date of recordation of the Notice of Pendency of Action expunged.

In the alternative, if Plaintiff's Notice of Pendency of Action is not expunged, Plaintiff should be required to post a bond to maintain that Notice of Pendency of Action.

## II. PLAINTIFF'S NOTICE OF PENDENCY OF ACTION SHOULD BE EXPUNGED.

According to section 405.30 of the California Code of Civil Procedure, a party with an interest in the subject property may apply to expunge a notice of pendency of action on two statutory grounds: (1) the plaintiff has not met his burden of establishing that the complaint contains a "real property claim," and (2) the plaintiff has not met his burden of establishing "by a preponderance of the evidence the probable validity of the real property claims." California Code of Civil Procedure §§ 405.30-405.32 (2008). The California Legislature created section 405.30 because of the potential for abuse and injustice to those with valid interests in a property. 31 Cal. Forms of Pleading & Prac. § 428.20[3] (2008); *see also Shah v. McMahon*, 148 Cal. 4th 526, 529, 55 Cal. Rptr. 3d 792, 795 (2007) (Notice of Pendency of Action expungement procedure "provides a means by which a court may dispose of meritless real estate claims at the preliminary stage of a case").

### A. Plaintiff's Complaint Does Not Contain a Properly Pled Real Property Claim.

The first ground for expungement—failure to properly plead a real property claim—requires a determination of the adequacy of the claims in the complaint. It "involves only a review of the adequacy of the pleadings and normally should not involve evidence from either side, other than possibly that which may be judicially noticed." Cal. Code Civ. Proc. § 405.30, Code cmt. ¶ 4 (2008). However, section 405.30 "nevertheless specifies that the 'burden of proof' is upon [the plaintiff]…in order to make clear that it is [the plaintiff] which bears the burden of establishing the legal proposition that the pleading does contain a real property claim." *Id.*

In making its decision, the Court "must engage in a demurrer-like [or motion to dismiss-like] analysis. Rather than analyzing whether the pleading states any claim at all, as on a general demurrer, the court must undertake the more limited analysis of whether the pleading states a real property claim." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647-648, 15 Cal. Rptr. 3d 805 (2004). In *Kirkeby*, the Supreme Court of California determined that a court is not permitted to look through a plaintiff's complaint to find some real property claim the plaintiff intended to bring, but has not properly pled. *Id.* at 650. When considering a motion to expunge under section 405.31, the Court is required "to consider *only* the specific claim as pled." *Id.* (emphasis added).

A "real property claim" is defined as a "cause or causes of action in a pleading which would, if meritorious, affect [] title to, or the right to possession of, specific real property..." Cal. Code Civ. Proc. § 405.4 (2008). If the complaint filed by the plaintiff does not properly plead a real property claim, the Court must expunge the notice of pendency of action. Cal. Code Civ. Proc. § 405.31 (2008). "[A]n action for money only, even if it relates in some way to specific real property, will not support a [notice of pendency of action]." *BGI Associates v. Superior Court*, 75 Cal. App. 4th 952, 967, 89 Cal. Rptr. 2d 693 (1999).

Here, Plaintiff has failed to properly plead any real property claims. As discussed in depth in GMACM's Motions to Dismiss, Plaintiff's Complaint is nothing but conclusory argument and is devoid of any factual allegations. Not a single claim, real property claim or otherwise, is pled properly. If Plaintiff has not properly pled any claim, Plaintiff has certainly not properly pled a real property claim. Accordingly, GMACM's Motion to Expunge should be granted.

Furthermore, none of Plaintiff's claims would qualify as "real property" claims even if those claims were sufficiently pled. Even if a meritorious claim existed in Plaintiff's complaint, none of the claims would affect the title to, or possession of, real property. As mentioned above, Plaintiff, not GMACM, has the burden to prove that

the claims in the Complaint are real property claims. Cal. Code Civ. Proc §§ 405.30, 405.31. Plaintiff's Complaint only contains poorly alleged claims for "unfair debt collection practices," "predatory lending," and "RICO violations." These are all money damage claims; they are not real property claims. None of these claims – even if properly pled and successfully prosecuted - would affect the title to, or possession of, real property. In each of these claims, the sole statutory remedy is monetary in nature. *See* Cal. Civ. Code § 1788.30 (2008); 15 U.S.C. § 1692k (2008); 18 U.S.C. § 1964(c) (2008).

Moreover, it is not GMACM's duty to review every federal and California statute potentially related to Plaintiff's allegations to determine whether they could possibly be real property claims. The law is clear: Plaintiff, not GMACM, bears the burden of proving that his claims are real property claims. *See* Cal. Code Civ. Proc. § 405.30 (2008). Plaintiff has failed to meet his burden.

Finally, Plaintiff has not properly pled a real property claim because Plaintiff's allegations are based on a legally flawed theory of liability. Plaintiff does not dispute that he is in default of his promissory note (the "Note"), or claim that foreclosure is not a proper remedy for his default. Instead, Plaintiff simply takes issue with the entities who commenced the non-judicial foreclosure proceedings on Plaintiff's property. His claim is not that the deed of trust itself is defective or unenforceable in any way, but rather only that GMACM is not the right party to enforce it. Plaintiff seems to believe that, because GMACM is allegedly not in physical possession of the Note, GMACM is unable to commence non-judicial foreclosure proceedings. This argument has no basis in law or in fact. Plaintiff, not GMACM, has the burden to prove that his claims are real property claims, and, based on the Complaint, Plaintiff has failed to do so. Therefore, Plaintiff's Notice of Pendency of Action must be expunged.

///

///

### B. Plaintiff Cannot Establish By A Preponderance Of The Evidence The Probable Validity Of A Real Property Claim.

To avoid the second independent ground for expungement, plaintiff must demonstrate by a preponderance of the evidence the validity of a real property claim. Even if the Court had determined that Plaintiff had properly pled a real property claim, Plaintiff is nonetheless unable to meet his burden of proving the probable validity of a real property claim. Therefore, his Notice of Pendency of Action should be expunged.

Once a defendant moves to expunge the notice of pendency of action under section 405.32, the plaintiff must then "establish [] by a preponderance of the evidence the probable validity of a real property claim." Cal. Code Civ. Proc. § 405.32 (2008). If the plaintiff fails to respond to the motion to expunge with sufficient evidence to establish the probable validity of a real property claim by a preponderance of the evidence, the Court must order that the notice of pendency of action be expunged. *Id.* "[A] motion to expunge under CCP 405.32 places the burden of proof on the [plaintiff]. The moving party hence need not present evidence until the [plaintiff] has initially met [his] burden." Cal. Code Civ. Proc. § 405.30, Code cmt. ¶ 4 (2008).

Unlike a motion under section 405.31, a motion to expunge under section 405.32 "is intended…to require a judicial evaluation of the merits" of a plaintiff's real property claim. Cal. Code Civ. Proc. § 405.32, Code cmt. ¶ 3 (2008). "Probable validity" means that it is more likely than not that Plaintiff will obtain a judgment against GMACM. Cal. Code Civ. Proc. § 405.3 (2008).

In the event Plaintiff fails to respond to this Motion in this proceeding, as his counsel regularly has in numerous other cases filed against GMACM, this Motion should be granted automatically, as Plaintiff cannot be found to have carried his burden. But even if he responds, he will be unable to carry his burden.

As discussed above, Plaintiff's core argument that the person actually conducting a non-judicial foreclosure must be in actual physical possession of the original promissory note evidencing the underlying obligation has no basis in applicable law, much less actual fact. There is simply no evidence that the owner of the Note is not in actual physical custody of the original, contrary to Plaintiff's claim, and Plaintiff cannot offer this Court any evidence by which it could find a reasonable probability of success on Plaintiff's claims. In fact, the owner of Plaintiff's Note is in possession of the original Note. GMACM is fully authorized and empowered to act on the owner's behalf in enforcing the Note. Therefore, Plaintiff will be unable to establish that it is more likely than not that he will obtain judgment against GMACM on any of his claims.

This case is one of well over 900 and perhaps over 1,200 identical complaints filed by Plaintiff's counsel over the past six months in an attempt to frustrate and delay legitimate foreclosures. On January 13, 2009, Judge Manuel Real of the United States District Court for the Central District of California conducted an evidentiary hearing related to nine cases filed by Plaintiff's counsel that had been assigned to this Court. On the basis of the testimony of Plaintiff's counsel at that hearing, Judge Real found sufficient evidence of criminal conduct in connection with the filing of those cases to make referrals to the United States Attorney for the Central District of California as well as the District Attorneys of Los Angeles, Riverside and Orange Counties. Moreover, Judge Real found sufficient evidence of unethical conduct by Plaintiff's counsel to warrant referral to the State Bars of California and Nevada. Judge Real referred to the litigation as "frivolous." (*See* GMACM's Request for Judicial Notice at Exhibit 2). The complaints filed in those nine cases were identical to the complaint filed in this action.

This Court should not tolerate this abuse of the judicial system. Plaintiff should not be entitled to maintain a cloud on the title of the subject property without any

legitimate claim that there is some defect in the deed of trust securing the Note. Therefore, the Notice of Pendency of Action should be expunged.

### III. IF NOTICE OF PENDENCY OF ACTION IS NOT EXPUNGED, PLAINTIFF SHOULD BE ORDERED TO POST A BOND

Any time after a notice of pendency of action has been recorded, even if Plaintiff has met his burden of proving the probable validity of a real property claim, "the [C]ourt may, upon motion by any person with an interest in the property, require the [plaintiff] to give the [defendant] an undertaking as a condition of maintaining the notice in the record title." Cal. Code Civ. Proc. § 405.34 (2008). The purpose of section 405.34 is to "bring[] lis pendens undertaking procedures into line with provisional remedy generally, in which the party receiving the provisional relief typically is required to prove an undertaking." *Id.* at cmt. ¶ 1. An undertaking "shall be of such nature and in such amount as the [C]ourt may determine to be just." *Id.*

In this case, Plaintiff has filed a meritless suit in the hopes of delaying a legitimate non-judicial foreclosure process. If his Notice of Pendency of Action is not expunged, GMACM will suffer damages in missed loan payments, attorney's fees, and, more importantly, the ability to timely foreclose on the property—which is preventing GMACM from recovering the full value of the mortgage. Plaintiff's Notice of Pendency of Action will only delay, not stop, the legitimate foreclosure process. Delay in the completion of the foreclosure process will likely result in a diminution in the value of the property securing the loan in issue and thereby reduce the amount recovered.

Therefore, in order to secure GMACM's interest in the property, if the Court does not expunge Plaintiff's Notice of Pendency of Action, the Court should require Plaintiff to give GMACM an undertaking as a condition of maintaining the Notice of Pendency of Action. Failure to require a bond would allow Plaintiff to escape paying the damages caused by his Notice of Pendency of Action and litigation delay.

///

Defendant GMAC Mortgage, LLC's Memorandum of Points and Authorities in Support

## IV. CONCLUSION.

For the foregoing reasons, GMACM respectfully requests that the Court grant its Motion to Expunge the Notice of Pendency of Action recorded by Plaintiff in the Official Records of Orange County on September 19, 2008 as Document No. 2008000441359, and grant such other and further relief as it deems just and proper. Accordingly, to insure clear title to the property, GMACM respectfully requests entry of an expungement order that specifically identifies the Notice of Pendency of Action by document number and date of recordation. Alternatively, the Court should require Plaintiff to post a bond in order to maintain the Notice of Pendency of Action. A Proposed Order granting the relief sought here has been filed concurrently with this Motion.

Dated: April 2, 2009

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Matthew B. McClendon
    Matthew B. McClendon
    Conrad V. Sison

Attorneys for Defendant
GMAC MORTGAGE, LLC
Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I, Matthew B. McClendon, an attorney, do hereby certify that on April 2, 2009, I caused a copy of the foregoing DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION OR REQUIRE A BOND; MEMORANDUM OF POINTS AND AUTHORITIES to be served by the method so indicated below upon the following parties:

Mitchell W. Roth
*Or attorney currently responsible for the matter referenced herein*
M.W. Roth, PLC
13245 Riverside Drive, Suite 510
Sherman Oaks, California 91423

*Via U.S. Mail, postage prepaid.*

Dated: April 2, 2009        By:   /s/ Matthew B. McClendon
                                  Matthew B. McClendon

i
Certificate of Service

# EXHIBIT 1

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**
Mitchell Roth, CA SBN 77962
Homan Mobasser, Esq., SBN 251426
M.W. Roth, PLC
13245 Riverside Drive, Suite 510
Sherman Oaks, CA 91423

Attorney for Plaintiff(s)

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
9.00
2008000441359 11:54am 09/19/08
111 200 N25 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Space Above This Line for Recorder's Use

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

### CENTRAL JUSTICE CENTER (CJC)

CARLOS BRAVO HUERTA,

    Plaintiff,

vs.

CITI MORTGAGE and DOES 1 – 50, inclusive,

    Defendants.

Case No.: 30-2008-00112136

**NOTICE OF PENDENCY OF ACTION**
[CCP Section 405.20]

    Notice is given that the above-entitled action was filed in the above-entitled court on September 15, 2008 by plaintiff(s), CARLOS BRAVO HUERTA against, defendant(s), CITI MORTGAGE and Does 1 - 50. The action affects title and the right to possession of 448 North Emerald Drive, Orange, CA 92686, the property identified in the complaint.

    The real property affected by the action is located in Orange County, California, and is described as follows:

    APN 039-293-20

    Code of Civil Procedure Section 405.22 provides that "Except in actions subject to Section 405.6, the claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by

-1-

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]   ORIGINAL

Description: Orange,CA Document-Year.DocID 2008.441359 Page: 1 of 2
Order: gfsdgh Comment:

registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required. Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also be made immediately and in the same manner upon each adverse party later joined in the action.

**I am the attorney of record in the above captioned case.** In signing this notice I state that I have fully complied with Code of Civil Procedure Section 405.22 by serving each of the named defendants by certified mail, return receipt requested, which constitute all of the parties to whom the real property claim is adverse. The Plaintiff(s), who I represent, are all of the owners of record of the real property affected.

I make this statement under penalty of perjury under the laws of the State of California and the statements contained herein are true and correct of my personal knowledge. Executed the date indicated below at Sherman Oaks, California.

Dated September 16, 2008

Homan Mobasser, Esq.
Attorney for Plaintiff

-2-

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]   ORIGINAL

Description: Orange,CA Document-Year.DocID 2008.441359 Page: 2 of 2
Order: gfsdgh Comment: