O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/10
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2001 PSG (PLAx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Carlos Bravo Huerta v. Citi Mortgage | | |

Present:  The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     **(In Chambers) Remand Order**

Pending before the Court are the motions to dismiss and to expunge filed by GMAC Mortgage, LLC.  The Court held oral argument on these motions on May 4, 2009.  At that time, the Court, sua sponte, raised the issue of a lack of subject matter jurisdiction.  After considering argument presented on that issue, the Court REMANDS the case to state court.

I.    Background

On September 18, 2009, Carlos Bravo Huerta ("Plaintiff") filed this action in the Superior Court of California in the County of Orange against Citi Mortgage and multiple doe defendants. Plaintiff seeks declaratory relief, an injunction, and damages under various theories of state law for the allegedly unlawful purchase of certain property that Plaintiff asserts he rightfully owns.

On March 24, 2009, GMAC Mortgage, LLC ("GMACM") filed a notice of removal with the Court.  In the notice of removal, GMACM avers that, as the servicer of the loan that is in dispute in this action, it is one of the entities to which Plaintiff refers to as a "Doe Defendant." *See Not. of Removal*, ¶ 3.

II.    Legal Standard

While 28 U.S.C. § 1441 provides that some actions filed in state court may be removed to federal district court, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

#5/10
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2001 PSG (PLAx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Carlos Bravo Huerta v. Citi Mortgage | | |

*ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *amended*, 387 F.3d 966 (9th Cir. 2004).  The Ninth Circuit applies a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  Furthermore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).

III.    Discussion

Plaintiff named only one defendant in his complaint: Citi Mortgage.  Apparently, though, GMACM believes that because there is a possibility that Plaintiff may raise his allegations against GMACM, GMACM has the right to remove this case to federal court.  The Court, however, disagrees.

It is axiomatic that federal courts are courts of limited jurisdiction.  *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Accordingly, limits upon federal jurisdiction must not be disregarded or evaded.  *Id.*[1]

In relevant part, 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  Although "defendant" is undefined in the statute, the Ninth Circuit has interpreted this term to include only named defendants.  *See McCarthy Western Constructors, Inc. v. The Phoenix Resort Corp.*, 951 F.2d 1137, 1140-43 (9th Cir. 1991), *superseded on unrelated grounds*.  In *McCarthy*, the plaintiff filed suit against a wholly owned, subsidiary corporation of a federally insured, thrift association.  *Id.* at 1138-39.

---

[1]It is also elementary that the subject matter jurisdiction of a district court may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial court.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also* Fed. R. Civ. P. 12(h)(3).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/10
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2001 PSG (PLAx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Carlos Bravo Huerta v. Citi Mortgage | | |

Subsequently, the Resolution Trust Corporation ("RTC") was appointed conservator for the association after it failed. In its capacity as conservator for the failed thrift institution, the RTC filed a motion to remove under 12 U.S.C. § 1441(a)(1)(3), which provided:

. . . .

(3) Removal and remand

The [RTC] may, without bond or security, remove any such action, suit, or proceeding . . . . The removal of any action, suit, or proceeding shall be instituted –

(A) not later than 90 days after the date the [RTC] is substituted as a party.

. . . .

12 U.S.C. § 1441a(1) (Supp. 1991).

Ultimately, the Ninth Circuit ruled that the federal courts did not have removal jurisdiction over the matter. *McCarthy*, 951 F.2d at 1142-43. In reaching this conclusion, the Ninth Circuit emphasized that RTC could not remove the case because "[i]t was not named as a party in the original complaint. The complaint was never amended to include RTC as a named party. RTC did not intervene in the state court action." *Id.* at 1141. In other words, removal was improper because RTC was not a "party" in the state court action at the time it filed the notice of removal. *Id.*

Although the Ninth Circuit's analysis in *McCarthy* focused chiefly on removal under 12 U.S.C. § 1441(a)(1), in its opinion the Ninth Circuit also observed that RTC sought to remove the case under 12 U.S.C. § 1819(b)(2)(B), the specific removal statute for the Federal Deposit Insurance Corporation, and the statute at issue here, 28 U.S.C. § 1441(a), the general removal statute. *Id.* Notably, the Ninth Circuit concluded that removal was improper under these latter two statutes for the same reasons it was improper under the former statute. *Id.*

Like RTC in *McCarthy*, GMACM was not named as a defendant in the complaint; the complaint was never amended to include GMACM as a named party; and, GMACM did not intervene in the state court action. Put otherwise, GMACM was not a defendant to the state court action at the time of removal. Therefore, GMACM had no right to remove this case to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/10
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2001 PSG (PLAx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Carlos Bravo Huerta v. Citi Mortgage | | |

federal court.  *See* 28 U.S.C. § 1441(a); *McCarthy*, 951 F.2d at 1140-43; *Stewart v. San Francisco Hous. Auth.*, 1996 U.S. Dist. LEXIS 11874, at * 7 (N.D. Cal. 1996) ("Federal statute provides that an action may only be removed by a defendant to that action.  Because HUD was not a defendant in the state court action, the action was improperly removed to this Court.") (internal citations omitted).  As removal was improper, the Court lacks subject matter jurisdiction over this matter and the matter must, therefore, be remanded to state court.

IV.     Conclusion

    Based on the foregoing, the Court REMANDS the case to state court.  All pending motions are rendered moot.  The Clerk is directed to close the case.


    **IT IS SO ORDERED.**